[Cite as *State v. Clarke*, 2013-Ohio-5857.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13-CA-51 |
| JERMAINE A. CLARKE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Municipal
                              Court, Case No. 13 CRB 00564


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       December 26, 2013


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant


J. MICHAEL KING                       ROBERT E. CALESARIC
Assistant Law Director                35 South Park Place, Suite 150
City of Newark                        Newark, Ohio 43055
40 West Main Street
Newark, Ohio 43055

*Hoffman, J.*

{¶1}   Defendant-appellant Jermaine A. Clarke appeals his conviction entered by the Licking County Municipal Court.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   At all times relevant herein, Appellant and K.C. had been involved in a dating relationship and recently ended their relationship.  K.C. lived with her daughter in Section 8 housing.

{¶3}   On March 23, 2013, K.C. was awakened in the middle of the night to someone tossing mulch against her bedroom window.  She went to the first floor, and found Appellant had come to see her.  She informed Appellant she was tired, and he should come back the next day.  Appellant did not leave, and asked why he was not being invited inside.  K.C. did not take the chain off the door, and refused to allow Appellant inside, repeating he should return the next day.  Appellant put his hand and foot in the door frame, until K.C. said she would allow him inside.  Upon removing his hand and foot, K.C. shut the door and refused to allow Appellant inside the residence.

{¶4}   Appellant left the premises.  However, K.C. soon heard knocking at the door and learned Appellant had returned.

{¶5}   During the entire incident, Appellant was told to leave at least five times, and returned two times.  K.C. then called the police on her cell phone.

{¶6}   As a result, Appellant was charged with criminal trespass, in violation of Pataskala City Ordinance 541.05, which is identical to R.C. 2911.21.

{¶7}   Subsequent to the criminal complaint, K.C. and Appellant discussed K.C. dropping the charges.  K.C. filed a statement with the Pataskala City Law Director,

stating she never asked Appellant to leave. However, K.C. then testified at trial the statement was false and she had asked Appellant to leave on five occasions during the incident.

{¶8} Following a trial to the court, Appellant was found guilty of the charge of criminal trespass and fined $100, plus court costs.

{¶9} Appellant now appeals, assigning as error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT REACHED A VERDICT OF GUILTY THAT DEFENDANT DID, WITHOUT PRIVILEGE TO DO SO, KNOWINGLY ENTERED [SIC] OR REMAINED [SIC] ON THE LAND OR PREMISES OF MS. COWELL."

{¶11} Appellant maintains his conviction for criminal trespass is against the manifest weight and sufficiency of the evidence.

{¶12} In *State v. Jenks* (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* at paragraph two of the syllabus.

{¶13} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the

witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N .E.2d 541, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.

{¶14} Appellant was convicted of criminal trespass in violation of Pataskala City Ordinance 541.05, which reads:

{¶15} "(A) No person, without privilege to do so, shall do any of the following:

{¶16} "(1) Knowingly enter or remain on the land or premises of another;

{¶17} "(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard;

{¶18} "(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

{¶19} "(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either."

{¶20} Appellant maintains the State failed to prove he did not have privilege to enter or remain on the premises. However, we find the record contains sufficient, competent evidence Appellant did not live at the residence, did not have a key to the residence, was not invited inside or asked to remain. The record establishes Appellant remained on the premises and returned thereto having been told at least five times to leave, despite K.C.'s statement recanting the same. It was up to the trier-of-fact to determine which version of K.C.'s statements to believe.

{¶21} Accordingly, we do not find the trier of fact erred in finding all of the elements of the charge proven beyond a reasonable doubt, and the trial court did not lose its way in finding Appellant guilty of criminal trespass.

{¶22} The first and second assignments of error are overruled.

{¶23} Appellant's conviction in the Licking County Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :
    Plaintiff-Appellee               :
                                          :
-vs-                                      :           JUDGMENT ENTRY
                                          :
JERMAINE A. CLARKE                        :
                                          :
    Defendant-Appellant              :           Case No. 13-CA-51


For the reasons stated in our accompanying Opinion, Appellant's conviction in the Licking County Municipal Court is affirmed.  Costs to Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY